# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TEAM SYSTEMS INTERNATIONAL, LLC,<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10066 (CTG) |
| STEVEN M. ACOSTA, JOHN S. MACIOROWSKI, CHRISTOPHER MOTT, and DEBORAH EVANS MOTT,<br><br>Appellants,<br>v.<br><br>GEORGE L. MILLER, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF TEAM SYSTEMS INTERNATIONAL, LLC,<br><br>Appellee. | C.A. No. 1:23-cv-01038-GBW |

## APPELLANTS' DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL PURSUANT TO FED. R. BANKR. P. 8009(a)

Pursuant to Fed. R. Bankr. P. 8009(a) and Del. Bankr. L.R. 8009-1, Steven M. Acosta, John S. Maciorowski, Christopher Mott, and Deborah Evans Mott (collectively, "Appellants"), by and through their undersigned counsel, hereby submit their designation of the record and statement of issues on appeal in connection with their appeal from the *Order Granting The Motion Of The Chapter 7 Trustee For Entry Of An Order Pursuant To Fed. R. Bankr. P. 9019 Authorizing And Approving The Settlement Agreement Between The Trustee And The Judgment Creditors* (the "Order") [D.I. 367].

## DESIGNATION OF THE RECORD ON APPEAL

Appellants hereby designate the following pleadings and other documents as the record on appeal:

{00036945. }
4609767.2

| Item No. | Description | Docket No. | Filing Date |
|---|---|---|---|
| 1 | *Motion of the Chapter 7 Trustee for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 Authorizing and Approving the Settlement Agreement Between the Trustee and the Judgment Creditors* (the "9019 Motion") | D.I. 335 | 07/21/2023 |
| 2 | *Objection of the Debtor's Members to the Trustee's Motion Pursuant to Bankruptcy Rule 9019 to Authorize and Approve the Settlement between the Trustee and the Judgment Creditors* and Exhibits A through E thereto | D.I. 357 | 09/08/2023 |
| 3 | Order Granting The Motion Of The Chapter 7 Trustee For Entry Of An Order Pursuant To Fed. R. Bankr. P. 9019 Authorizing And Approving The Settlement Agreement Between The Trustee And The Judgment Creditors | D.I. 367 | 9/20/2023 |
| 4 | Transcript regarding Hearing Held 09/20/2023 RE: Omnibus Hearing | D.I. 375 | 9/26/2023 |
| 5 | Court's Directive and Ruling Denying Discovery on the 9019 Motion | D.I. 356 | 09/07/2023 |
| 6 | *Certification of Counsel* and Exhibit A thereto | D.I. 307 | 04/04/2023 |
| 7 | *Motion for Entry of Orders: (A) Staying Prosecution of First Amended Complaint or, Alternatively, Extending Time to Answer, Move or Otherwise Respond; (B) Capping Recovery, if Any, Under First Amended Complaint; (C) Granting Relief from the Automatic Stay to Permit TSI Members to Fund Appeal to Eleventh Circuit, (D) Compelling the Trustee to Abandon the $8.2 Million Receivable; (E) Compelling Trustee to Abandon Debtors Business; and (F) Granting Related Relief* and Exhibit A thereto | D.I. 310 | 05/03/2023 |
| 8 | *Objection by TSI Members to: Chapter 7 Trustee's Motion for a Protective Order Striking the Member Defendants' Discovery Requests and Notice of Deposition* and Exhibit B thereto | D.I. 319 | 06/13/2023 |

| 9 | *Motion for Entry of Order Granting TSI Members Standing to: (A) Prosecute the Appeal and (B) File Claims and Collect Certain Account Receivable on Behalf of the Debtor's Estate* and Exhibits 1-4 thereto | D.I. 328 | 07/05/2023 |
|---|---|---|---|
| 10 | *Objection by TSI Members to: First Interim Fee Application of Archer & Greiner, P.C., Attorneys for George L. Miller, Chapter 7 Trustee for Compensation and Reimbursement of Expenses for the Period April 7, 2022 Through June 30, 2023* | D.I. 338 | 08/04/2023 |
| 11 | *Objection by The Rosner Law Group LLC to Chapter 7 Trustee's Motion For Sanctions Against The Rosner Law Group LLC Pursuant To Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927* and Exhibits 2, 4, 10 and 11 thereto | D.I. 349 | 08/23/2023 |
| 12 | *Order, Pursuant to Bankruptcy Code Sections 105(a), 327, 328, and 330, Authorizing the Debtor to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business (related document(s)24) Order Signed on 2/8/2022* | D.I. 75 | 02/08/2023 |
| 13. | *GPDEV, LLC et al v. Team Systems International, LLC* - No. 21-13662 (U.S. Court of Appeals for the 11th Circuit) – Appellate Dkt. Entry No. 21, Jan. 5, 2022 (Appendix to Appellant's Brief) | | 01/05/2022 |

## **STATEMENT OF THE ISSUES ON APPEAL**

Appellants hereby state the following as the issues on appeal pursuant to Fed. R. Bankr. P. 8009(a)(1)(A):

1. Whether the chapter 7 Trustee's decision to accept the settlement was the reasoned exercise of the Trustee's business judgment when he did not know the automatic stay could be lifted for the sole and limited purpose of permitting Debtor's underlying appeal of the Florida District Court's judgment in favor of the judgment creditors ("the Appeal") to be fully adjudicated by the Eleventh Circuit, while remaining in force with respect to potential future proceedings on remand if the Appeal was successful?

2.  Whether the Trustee appropriately informed himself of the probability of success in prosecuting the Appeal without ever discussing the probability of success on Appeal with the estate's retained appellate lawyer?

3.  Whether the Trustee artificially inflated the projected cost of the Appeal by ignoring the expressed willingness of Debtor's Members to fund any remaining costs, and by improperly combining the cost of prosecuting the Appeal with the projected cost of a hypothetical future trial after a potential remand?

4.  Whether the Trustee failed to reasonably assess the likelihood of success of the Appeal when entering into the proposed settlement, particularly with respect to issues I – IV of the Appeal?

5.  Whether the Bankruptcy Court abused its discretion in relying on its own, independent review of the District Court record in concluding that "the manner in which the District Court handled this litigation was thorough, careful, and impressive."

6.  Whether the Bankruptcy Court erred as a matter of law in analyzing the significance of the Appeal's arguments relating to the absence of subject matter jurisdiction in the District Court?

7.  Whether the Bankruptcy Court erred in approving the proposed Settlement Agreement when the Trustee did not identify a temporal benefit to immediate approval, in a setting where the estate may receive up to $15.5 million in the near future?

8.  Whether the Bankruptcy Court incorrectly relied on the anecdotal and incorrect statements of counsel to the Judgment Creditors concerning the Appeal and the underlying proceedings in making its ruling?

9.  Whether the Bankruptcy Court erred by approving a settlement that reflects an

unlawful contingent fee payment by the Trustee in connection with the prior award of a federal contract, and is thus barred by federal statute and regulation, including but not limited to the Federal Acquisition Regulation, 10 U.S.C. § 3321, and 41 U.S.C. § 3901?

10. Whether the Bankruptcy Court erred in not permitting any discovery in connection with a contested hearing on the 9019 Motion?

11. Whether the Bankruptcy Court erred in not permitting the introduction of documents for the purpose of impeaching the Trustee's testimony?

## CERTIFICATION REGARDING TRANSCRIPTS

Pursuant to Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure, Appellants hereby certify that they are not ordering any transcript.

Respectfully submitted,

Dated: October 5, 2023
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

By: */s/ Frederick B. Rosner*
Frederick B. Rosner (DE No. 3995)
Zhao (Ruby) Liu (DE No. 6436)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
        liu@teamrosner.com

-and-

**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**

Michael M. Munoz
711 Third Avenue
New York, NY 10017
Tel: (212) 907-7345
Email: mmunoz@golenbock.com

*Counsel for Appellants*